Jennifer M. Lantz (SBN: 202252)
**DUANE MORRIS LLP**
2475 Hanover Street
Palo Alto, CA 94304-1194
Tele: 650-847-4174
Fax: 650-523-4780

Meghan C. Killian (SBN: 310195)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Tele: 415-957-3138
Fax: 415-840-0017

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LAGOS, INC.,**<br><br>               **PLAINTIFF,**<br><br>      **V.**<br><br>**PANDOREA DEVELOPMENT CO.; LIGOS JEWELRY; AG JEWELERS; GET THAT JEWELRY,**<br><br>               **DEFENDANTS.** | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**FEDERAL TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; DILUTION; TRADE DRESS INFRINGEMENT; CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT; CALIFORNIA COMMON LAW UNFAIR COMPETITION; AND UNFAIR COMPETITION UNDER CALIFORNIA BUS. & PROF. CODE § 17200** |

Plaintiff LAGOS, Inc. (referred to as "LAGOS" or "Plaintiff"), by its undersigned attorneys, Duane Morris LLP, for its Complaint against Defendants Pandorea Development Co.; Ligos Jewelry; Ag Jewelers; and Get That Jewelry, (referred to as "Defendants") hereby alleges as follows:

## NATURE OF THE ACTION

1.     This action seeks damages and injunctive relief for Defendants' infringement of LAGOS' distinct **LAGOS** trademarks, unfair competition, false designation of origin, and dilution under Federal and California law, and related common law claims.

2.     For over 44 years, LAGOS has used the **LAGOS** trademarks, and similar stylized trademarks, as a brand identifier for its high quality fine jewelry offerings. For example, the **LAGOS** trademarks appear on LAGOS' jewelry as shown below:



3.     During the past forty plus years, jewelry bearing the **LAGOS** trademarks have become well-known, and indeed famous, across the United States and internationally. It is sold in its own Flagship Store in Philadelphia, independent jewelry retailers, and high-end department stores such as Neiman Marcus, Bloomingdale's, and Nordstrom. Indeed, LAGOS has spent millions of dollars and countless hours in advertising and promotion to ensure the public associates the **LAGOS** trademarks with LAGOS and its jewelry.

4.     With a blatant disregard for LAGOS' rights in the **LAGOS** trademarks, Defendants have been using, without LAGOS' authorization, the marks LIGOS and LIGOS JEWELRY (the "Infringing Marks") in connection with

Defendants' Jewelry (defined below) as well as in connection with jewelry credit financing services. LAGOS has repeatedly notified Defendants of its prior rights in the **LAGOS** trademarks and has cautioned Defendants against the use of the Infringing Marks.

5.     Defendant Pandorea Development Co. claims ownership of the mark LIGOS JEWELRY and filed U.S. Trademark Serial Appl. No. 90538947 for the same mark for "moissanite jewelry and watches and other fine jewelry" ("Defendants' Application") that was filed on February 22, 2021, about a week after Defendants signed for LAGOS' first cease and desist letter.

6.     On March 12, 2021, LAGOS filed a Letter of Protest with the U.S. Trademark Office against Defendants' Application.

7.     Prior to LAGOS becoming aware of Defendants' Application and after Defendants' repeatedly ignored LAGOS' communications regarding Defendants' use of the Infringing Marks, LAGOS began drafting a Domain Name Dispute ("UDRP") regarding the domain name <LigosJewelry.com>.

8.     On April 29, 2021, LAGOS filed a UDRP against Domains By Proxy, LLC, the entity listed as the owner of the domain name <LigosJewelry.com>.  This proceeding is on-going.

9.     Defendants' unauthorized use of the Infringing Marks is likely to cause and has caused actual confusion as to the affiliation, association, sponsorship, and/or approval of Defendants' Jewelry and related jewelry credit financing services, with those of Lagos, constituting trademark infringement, dilution, and unfair competition in violation of Sections 32 and 43 of the Lanham Act (15 U.S.C. §§ 1114 and 1125), California law, and California common law. LAGOS seeks an injunction, an accounting of Defendants' profits flowing from their use of the Infringing Marks, damages, attorneys' fees, and such other relief as the Court deems just and proper.

## THE PARTIES

10.     Plaintiff LAGOS, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a registered address at 441 North Fifth Street Philadelphia, Pennsylvania 19123.

11.     Upon information and belief, Defendant Pandorea Development Co. is a corporation organized and existing under the laws of California with a registered address of 41655 Reagan Way, Suite B, Murrieta, California 92562.

12.     Upon information and belief, and after a diligent and reasonable search, Defendant AG Jewelers is a business existing under the laws of California and Texas with addresses of: 409 Mission Place, Oceanside, California 92054; 3111 Midwestern Pkwy, 270 Wichita Falls, Texas 76308; 2525 El Camino Real, #167, Carlsbad, California, 92008; and 8401 Gateway Blvd, West Space Q074, El Paso, Texas 79925.

13.     Upon information and belief, and after a diligent and reasonable search, Defendant Get That Jewelry is a business existing under the laws of California with an address of 41655 Reagan Way, Murrieta, California 92562.

14.     Upon information and belief, and after a diligent and reasonable search, Defendant Ligos Jewelry is a business existing under the laws of California with an address of 41655 Reagan Way, Murrieta, California 92562.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121 because this action arises, in part, under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.

16.     The Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) over Plaintiff's claims arising under the laws of the State of California.

17.     This Court has personal jurisdiction over Defendants because Defendants are organized in and/or transact business in the State of California and

operate retail store locations and sells products under the Infringing Marks in this district.

18.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b), because Defendants are subject to personal jurisdiction in this district due to its voluntary transacting of business herein, including offering and selling products in and to this district, and because a substantial portion of the events at issue have arisen and will arise in this judicial district.

**FACTUAL BACKGROUND COMMON TO ALL CAUSES OF ACTION**

**A.     LAGOS and the well-known LAGOS® Trademarks**

19.     LAGOS is a privately held American designer jewelry company founded in 1977 by Steven Lagos.

20.     LAGOS is engaged in the business of manufacturing, marketing, advertising and selling throughout the United States and the world unique, high-quality jewelry and accessories it has designed and created.  LAGOS is known for its jewelry craftsmanship and its unique designs including textured fish-roe-like beading as shown below.



21.  It takes hundreds of steps to design and fabricate a single piece of Lagos' jewelry, such as the ones pictured in this Complaint.

22.  LAGOS' jewelry is sold in over 300 stores within the United States and internationally, including Neiman Marcus, Bloomingdale's, Nordstrom, and independent jewelry retailers throughout the country, online, and in brick-and-mortar stores. LAGOS operates its flagship boutique on Rittenhouse Square in Philadelphia, Pennsylvania. Celebrities such as Demi Moore, Gwen Stefani and Jennifer Lopez have purchased and wear Lagos' jewelry.

23.  LAGOS offers and sells several types of jewelry including earrings, bracelets, necklaces, rings, and smart watch bands. These jewelry pieces include many different types of gemstones such as diamonds and materials such as gold and silver.

24.  The price point of LAGOS' jewelry is high and ranges from a couple hundred dollars to tens of thousands. For example, the CAVIAR® Gold Beaded Bracelet retails for $7,750 as shown below.



25.  LAGOS' jewelry is also promoted and sold online through LAGOS' own e-commerce website available at www.lagos.com where LAGOS has consistently sold LAGOS' branded jewelry through since 1997. Printouts from LAGOS' website are attached as **Exhibit A**.

26.     LAGOS advertises, markets, and promotes its LAGOS' jewelry on various social media platforms including through accounts on Instagram, Facebook, and Twitter.

27.     Lagos' efforts to advertise and promote Lagos branded jewelry includes a robust social media presence with accounts at @lagosjewely on Facebook (180k followers), @lagos_jewelry on Instagram (44.7k followers), and @LAGOS_Jewelry on Twitter (1,910 followers). Each of these pages has a large number of dedicated followers and the content featuring LAGOS' jewelry receives millions of views. True and accurate screenshots of LAGOS' social media accounts are attached hereto as **Exhibit B**.

28.     LAGOS is and has been promoting, offering, and selling its jewelry using original and distinctive jewelry designs under two primary trademarks, **LAGOS**, its house trademark, and the **CAVIAR** trademark, among others.

29.     On June 25, 1991, LAGOS obtained U.S. Trademark Registration No. 1,648,793 for **LAGOS** for "jewelry, namely rings, pins, bracelets, earrings, necklaces and watches" on the Principal Register.

30.     Lagos' **LAGOS®** mark claims a date of first use of at least as early as July 1980.

31.     Lagos' **LAGOS®** mark is registered as a word mark in standard characters (block letters), without any logo and not in any stylized typeface.  A printout from the U.S. Patent and Trademark Office's ("PTO") online database depicting U.S. Registration No. 1,648,793 is attached hereto as **Exhibit C.**

32.     As a result of substantially exclusive and continuous use of the mark, LAGOS' **LAGOS®** mark has achieved incontestable status. The validity of LAGOS' **LAGOS®** mark, the registration of the mark, LAGOS' ownership of the mark, and its exclusive rights to use this registered mark in commerce for the above-mentioned goods are therefore incontestable under 15 U.S.C.A. § 1065, and

15 U.S.C.A. § 1115(b), as LAGOS has filed the required affidavits with the Commissioner of Patents and Trademarks.

33.   As a result of LAGOS' longstanding use of the **LAGOS®** mark to identify its jewelry, the **LAGOS®** mark has become famous and has come to identify LAGOS as the source of its goods.

34.   On November 13, 2018, LAGOS obtained U.S. Trademark Registration No. 5,606,242 for **MY LAGOS MY WAY** for "jewelry, namely, rings, pins, bracelets, earrings, necklaces and watches" on the Principal Register.

35.   LAGOS' **MY LAGOS MY WAY®** mark is registered as a word mark in standard characters (block letters), without any logo and not in any stylized typeface. A printout from the U.S. Patent and Trademark Office's ("PTO") online database depicting U.S. Registration No. 5,606,242 is attached hereto as **Exhibit D**.

36.   LAGOS' **MY LAGOS MY WAY®** mark claims a date of first use of at least as early as September 2014.

37.   LAGOS has its original jewelry designs protected by U.S. Copyright because they are original works of authorship fixed in a tangible medium of expression.

38.   LAGOS has expended substantial resources promoting its distinctive jewelry. LAGOS has spent substantial sums of money, over $5.7 million in 2020 alone, in advertising jewelry under the **LAGOS®** mark to the jewelry industry, retail outlets, and the consuming public in newspapers, social media, magazines, and in direct mail and electronic mail campaigns. Works designed by LAGOS have been praised and recognized in numerous articles appearing in both trade and general publications.

39.   In the years 2019 and 2020, LAGOS' various jewelry collections have generated more than $100 million in net revenues.

40.   LAGOS has maintained and continues to maintain the highest standards of quality in designing and selling its jewelry under the **LAGOS®** mark.

**B.   Defendants' Businesses**

41.   Upon information and belief, Defendant Pandorea Development Co. is the entity that controls and owns the Ligos Jewelry business including the domain www.ligosjewlery.com. This Defendant is identified as the owner of Defendants' Application for U.S. Trademark Application Serial Number: 90/538,947 for "LIGOS JEWELRY."

42.   Upon information and belief, Defendant AG Jewelers is an affiliate entity of Defendants in the business of selling jewelry and offering a line of credit for purchasing that jewelry that reports a purchaser's increased credit line to credit bureaus.

43.   Upon information and belief, Defendant Get That Jewelry is an affiliate entity of Defendants in the business of selling jewelry and offering a line of credit for purchasing that jewelry that reports a purchaser's increased credit line to credit bureaus.

44.   Upon information and belief, Defendant Get That Jewelry operates the domain www.geththatjewelry.com and identifies a physical address of 41655 Reagan Way, Murrieta, California 92562 on the associated website. Attached hereto as **Exhibit F** are true and accurate screenshots from Defendant's Get That Jewelry website.

45.   Upon information and belief, Defendant Ligos Jewelry, is an affiliate entity of Defendants and in the business of selling jewelry and offering a line of credit for purchasing that jewelry that reports a purchaser's increased credit line to credit bureaus.

46.   Upon information and belief, Defendants operate, maintain, and control the domain www.ligosjewelry.com where they host a jewelry e-commerce and jewelry credit financing services (hereinafter the "Ligos Jewelry Website").

Attached hereto as **Exhibit G** are true and accurate screenshots from the Ligos Jewelry Website.

47.    Upon information and belief, these Defendants are all related, associated, and connected businesses that are offering the same types of goods and services under different business names.

48.    On or about January 21, 2021, the Ligos Jewelry Website identified a connection with Defendant AG Jewelers by indicating in a "Frequently Asked Question" section of the Ligos Jewelry Website that "the credit line normally shows within 14-45 days and will show as 'AG Jewelers,'" as shown below. *See* **Exhibit H** for a true and accurate screenshot of the "Frequently Asked Questions" section from the Ligos Jewelry Website from on or about January 21, 2021.



49.    Upon information and belief, Defendants all identify a connection to AG Jewelers whether this be through a website, "Frequently Asked Questions" or "Terms and Conditions" or the same physical address located in Murrieta, California. *See* **Exhibits F, G, and H.**

50.    Upon information and belief, there are numerous videos on YouTube that purport to explain how Defendants businesses are scams and interconnected. Most of these reviews are from independent third parties that review credit and

financing offerings and explain what to look for when a company is offering credit financing like Defendants to determine if the offering is legitimate or considered a scam.

51.     For example, a video on YouTube titled, "Ligos Jewelry com Reviews {December 2020} Watch Unbiased Review Now! | Scam Adviser Reports" from a user identified as Scam Adviser Reports posted an unbiased review and concluded the Ligos Jewelry Website appears to be a scam. Attached hereto as **Exhibit I** is a screenshot from the video available at

https://www.youtube.com/watch?v=2LqiuuRjQ-Y.

52.     Another video on YouTube titled, "Ligos Jewelry & AG Jewelers are the same company! They are no longer reporting to credit bureaus" goes into additional detail of the connections between the Defendants and that these businesses are allegedly scamming consumers. Attached hereto as **Exhibit J** is a screenshot from the video available at

https://www.youtube.com/watch?v=QDPzL9UDW1c.

53.     In fact, a search of "Ligos Jewelry" on YouTube yields numerous results for videos that discuss the Ligos Jewelry business, its connection to the other Defendants, and the associated credit bureau reporting scam, as shown below.



https://www.youtube.com/results?search_query=Ligos+jewelry.

### C.    Defendants' Infringing Activities

54.    Upon information and belief, despite having actual and prior knowledge of LAGOS' exclusive rights in the **LAGOS** trademarks, Defendants have infringed the **LAGOS** trademarks through the unauthorized use of the Infringing Marks in connection with Defendants' jewelry goods ("Defendants' Jewelry") and in connection with its related jewelry credit financing services.

55.    Upon information and belief, on or about December 2020, Defendants began offering and selling jewelry and related jewelry credit financing services under the Infringing Marks LIGOS and LIGOS JEWELRY, as shown below.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27



28

*See* **Exhibit G.**

56.     Upon information and belief, Defendants began operating and continue to operate the domain, www.ligosjewelry.com, ("Ligos Domain") which was registered on December 10, 2020. Attached hereto as **Exhibit S** is a true and accurate printout of the WHOIS for the Ligos Domain.

57.     Defendants are operating the Ligos Domain for use in connection with the Ligos Jewelry Website. *See* **Exhibit G.**

58.     Defendants advertise and promote the goods and services offered under the Infringing Marks on social media and upon information and belief through the purchase of ad words. Attached hereto as **Exhibit L** are true and accurate screenshots of Defendants' social media presence.

59.     On or about January 14, 2021, LAGOS became aware of the Ligos Jewelry Website when customers contacted LAGOS directly inquiring about Defendants goods and services and business believing that Ligos Jewelry was connected to LAGOS.

60.     On February 10, 2021 LAGOS, through its counsel, sent a letter to Defendants advising them of its prior and senior trademark rights in the **LAGOS** trademarks for jewelry, and demanding that Defendants cease use of the marks "LIGOS" and "LIGOS JEWELRY" in connection with jewelry and jewelry related credit financing services. This letter was sent via email and FedEx signature to Defendants which Defendants signed for on February 12, 2021. Attached hereto as **Exhibit M** is a true and accurate copy of the letter dated February 10, 2021 and accompanying FedEx delivery signature receipts.

61.     LAGOS requested a response by February 19, 2021 to its letter dated February 10, 2021 and received no response or acknowledgment.

62.     On March 4, 2021 LAGOS, through its counsel, sent an additional letter to Defendants advising them of its prior and senior trademark rights in the **LAGOS** trademarks for jewelry, and demanding that Defendant cease use of the marks "LIGOS" and "LIGOS JEWELRY" in connection with jewelry and jewelry

related credit financing services. This letter was sent via email and FedEx signature to Defendants which Defendants signed for on March 5, 2021. Attached hereto as **Exhibit N** is a true and accurate copy of the letter dated March 4, 2021 and accompanying FedEx delivery signature receipts.

63.    LAGOS requested a response by March 18, 2021 to its letter dated March 4, 2021 and received no response or acknowledgment.

64.    On February 22, 2021, Defendant Pandorea Development Co. filed use-based U.S. App. Ser. No. 90538947 for the mark **LIGOS JEWELRY** for use in connection with "moissanite jewelry and watches and other fine jewelry" and claims a date of first use in commerce for the mark as of December 23, 2020. Attached hereto as **Exhibit O** is a true and accurate copy of the Defendants' Application filed on February 22, 2021.

65.    As part of Defendants' Application, Defendant Pandorea Development Co. submitted a specimen of use which it described as "Website Screen shot and Jewelry package" and indicated the webpage date of access was February 12, 2021.

66.    On March 12, 2021, in response to Defendants filing Defendants' Application, and to enforce LAGOS' rights in the **LAGOS** Trademarks before the U.S. Trademark Office, LAGOS filed a Letter of Protest against Defendants' Application. Attached hereto as **Exhibit P** is a true and accurate copy of the Letter of Protest submitted to the U.S. Trademark Office on March 12, 2021.

67.    On March 23, 2021 Lagos, through its counsel, sent an email to the email addresses identified in Defendants' Application that attached the previously sent letters dated February 10, 2021 and March 4, 2021. Attached hereto as **Exhibit Q** is a true and accurate copy of the email dated March 23, 2021.

68.    LAGOS requested a response by March 31, 2021 to its email dated March 23, 2021 and received no response or acknowledgment.

69.    Since on or about January 14, 2021, LAGOS has received numerous calls and communications daily from customers about Defendants believing that

marks and businesses respectively associated with LAGOS and Ligos Jewelry are connected or affiliated in some manner because of Defendants' use of the Infringing Marks. An example of one of these communications is shown below.



Attached hereto as **Exhibit R** are communications that LAGOS has received regarding Defendants, the Ligos Jewelry Website, and Infringing Marks.

70.    Upon information and belief, Defendants intentionally selected the Infringing Marks to be confusingly similar to LAGOS' **LAGOS** trademarks.

PLAINTIFF'S COMPLAINT

71.     Defendants' use of and application for the Infringing Marks is at least forty years after LAGOS began using its LAGOS® trademark.

72.     Upon information and belief, there is no possible date of priority that Defendants could claim that would predate LAGOS' dates of priority associated with the **LAGOS** trademarks.

73.     Defendants' uses of the LIGOS and LIGOS JEWELRY trademarks are similar to LAGOS' use of the **LAGOS** trademark, as the only difference between the marks physically is the replacement of a vowel "A" with an "I."

74.     Defendants' use of the Infringing Marks is with identical and confusingly similar goods and services, specifically for jewelry and jewelry related services.

75.     Upon information and belief, Defendants' actions were done intentionally, with actual and constructive knowledge of LAGOS' business, and the **LAGOS** trademarks.

76.     Defendants' Jewelry and related jewelry credit financing services are competing and/or closely related goods and services. Both parties' goods are jewelry commonly sold or provided through the same trade channels and used by the same classes of consumers.

77.     Defendants' unauthorized uses of the Infringing Marks are likely to mislead consumers into believing that Defendants' jewelry and related jewelry credit financing services are sponsored, licensed, approved by, or are otherwise associated or affiliated with, LAGOS and its **LAGOS** trademarks.

78.     Upon information and belief, Defendants adopted and commenced use of, use, and plan to continue to use the Infringing Marks with the intent and purpose of trading upon the extensive goodwill built up by LAGOS in its **LAGOS** trademarks and to reap the benefits of the years of effort invested by LAGOS to create public recognition of the **LAGOS** trademarks and LAGOS jewelry sold thereunder.

79.     Upon information and belief, Defendants' actions were done in bad faith to likely cause confusion and have led to actual confusion with LAGOS.

80.     To date, Defendants have not responded or acknowledged LAGOS' numerous communications to try and amicably resolve this matter.

81.     Defendants have engaged and continue to engage in deliberate and willful infringement designed to confuse consumers as to the source of Defendants' Jewelry and related services sold and provided under the Infringing Marks and trade upon LAGOS' valuable intellectual property, goodwill, and reputation.

82.     Defendants' conduct constitutes trademark infringement, dilution, unfair competition, and false designation of origin, in violation of federal, state and common law.  Under the applicable federal and state statutes, LAGOS would be entitled to not only immediate and permanent injunctive relief against Defendants' continued infringement, but also to recovery of profits, treble and punitive damages.

## FIRST CAUSE OF ACTION
### (Federal Trademark Infringement, 15 U.S.C. § 1114)

83.     LAGOS repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

84.     LAGOS owns valid and protectable federal trademark registrations for the **LAGOS** trademarks, as shown in **Exhibits C, D, and E** attached hereto. The **LAGOS** trademarks are used in commerce, have been used continuously in commerce for over at least forty (40) years, in regard to LAGOS' **LAGOS®** trademark. The **LAGOS** trademarks are distinctive by virtue of their inherent and acquired distinctiveness, extensive use, prominence in intended and unsolicited media, and publicity throughout the United States.

85.     As described in detail in paragraphs set forth above, Defendants are advertising, promoting, offering, and selling Defendants' Jewelry bearing the

Infringing Marks and providing their related jewelry credit financing services in connection with the Infringing Marks in the United States.

86.     Upon information and belief, consumers who encounter Defendants' Jewelry and related jewelry credit financing services are likely to believe that those products and services are sourced from, affiliated with, or associated with LAGOS. Thus, Defendants' use of the Infringing Marks on Defendants' Jewelry, and in connection with its related jewelry credit financing services, is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with LAGOS, or as to the origin, sponsorship, or approval of Defendants' Jewelry and related jewelry credit financing services by LAGOS. Such use constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

87.     Defendants' actions are without the authorization or permission of LAGOS. Upon information and belief, Defendants chose to provide, sell, advertise, and promote Defendants' Jewelry and related jewelry credit financing services in connection with the Infringing Marks with actual knowledge of LAGOS' prior use of and rights in the **LAGOS** trademarks. Upon information and belief, Defendants chose to provide, sell, advertise, and promote Defendants' Jewelry and related jewelry credit financing services in connection with the Infringing Marks in commerce with the intent to cause confusion, to cause mistake, or to deceive.

88.     Upon information and belief, Defendants have profited from this infringement.

89.     This is an exceptional case under 15 U.S.C. § 1117(a).

90.     Defendants' willful conduct has caused damage to Lagos in an amount to be determined at trial, and unless restrained, will continue to cause serious and irreparable injury for which there is no adequate remedy at law.

91.     In light of the foregoing, LAGOS is entitled to injunctive relief, and to recover from Defendants all damages, including lost profits and attorneys' fees, that LAGOS has sustained and will sustain as a result thereof, in an amount not yet

known, but which circumstances warrant enhancement pursuant to 15 U.S.C. § 1117(a), as well as the costs of this action. LAGOS is also entitled to an accounting of Defendants' profits resulting from its Lanham Act violations.

## SECOND CAUSE OF ACTION
### (Federal Unfair Competition and False Designation of Origin, 15 U.S.C. § 1125(a))

92.     Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

93.     Defendants' unauthorized uses of the Infringing Marks in connection with Defendants' Jewelry and related jewelry credit financing services constitute a false designation of origin and a false representation as to the origin of Defendants' goods and services, are likely to cause confusion, mistake, or deception as to the source of Defendants' Jewelry and related jewelry credit financing services, and are likely to create the false impression that Defendants' Jewelry and related jewelry credit financing services are authorized, sponsored, endorsed, licensed by, or affiliated with LAGOS.

94.     Upon information and belief, Defendants chose to provide, sell, advertise, and promote Defendants' Jewelry and related jewelry credit financing services in connection with the Infringing Marks with actual knowledge of LAGOS' prior use of and rights in the **LAGOS** trademarks. Upon information and belief, Defendants offered Defendants' Jewelry and related services for sale under and/or in connection with the Infringing Marks, in commerce, with the intent to cause confusion, to cause mistake, or to deceive.

95.     Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

96.     Defendants' conduct has caused and is causing immediate and irreparable injury to LAGOS, and will continue to both damage LAGOS and

confuse the public unless enjoined by this Court. LAGOS has no adequate remedy at law.

## THIRD CAUSE OF ACTION

### (Federal Trademark Dilution Under 15 U.S.C. § 1125(c); Lanham Act § 43(c))

97.    Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

98.    The acts complained of aforesaid are likely to cause dilution by blurring or dilution by tarnishment of LAGOS' **LAGOS** trademarks.

99.    LAGOS' **LAGOS** trademarks are famous, highly recognizable, generate millions of dollars in sales each year, and are known to consumers from around the world.  The **LAGOS** mark is synonymous with LAGOS.  As such, LAGOS' trademarks are distinctive and famous within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

100.    Defendants' activities have diluted or are likely to dilute the distinctive quality of Plaintiff's marks in violation of 15 U.S.C. § 1125(c).

101.    LAGOS is entitled to an injunction against Defendants, as Defendants' continued use of the Infringing Marks is likely to cause, and has in fact caused, confusion, which impairs the distinctiveness and harms the reputation of the LAGOS name and marks.  Moreover, because Defendants willfully intended to trade on LAGOS' reputation or dilute the strength of LAGOS' famous marks, LAGOS is entitled to damages, extraordinary damages, fees, statutory damages, and costs pursuant to 15 U.S.C. § 1125(c)(2).

## FOURTH CAUSE OF ACTION

### (State Unfair Competition, Cal. Bus. & Prof. Code § 17200)

102.    Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

103.   Defendants' conduct complained of herein is likely to confuse the public as to the origin, source, or sponsorship of Defendants' Jewelry and related jewelry credit financing services, or to cause mistake or to deceive the public into believing that Defendants' Jewelry and related jewelry credit financing services are authorized, sponsored, endorsed, licensed by, or affiliated with LAGOS, in violation of LAGOS' rights in the **LAGOS** trademarks under Cal. Bus. & Prof. Code § 17200.

104.   Upon information and belief, Defendants chose to provide, sell, advertise, and promote Defendants' Jewelry and related jewelry credit financing services under and/or in connection with the Infringing Marks with constructive and/or actual knowledge of LAGOS' prior use of and rights in the **LAGOS** trademarks. The unlawful, unfair, and/or fraudulent business acts and/or practices set forth herein have been undertaken by Defendants willfully with the intention of causing harm to LAGOS and for the calculated purpose of misappropriating LAGOS' goodwill and business reputation.  By adopting and using the Infringing Marks, Defendants have been unjustly enriched and LAGOS has been damaged.

105.   By misappropriating and trading upon the goodwill and business reputation represented by the **LAGOS** trademarks, Defendants have been and, unless enjoined by this Court, will continue to be unjustly enriched at LAGOS' expense.

106.   As a direct and proximate result of Defendants' wrongful conduct, Defendants have profited, and will continue to profit, from the strength of the **LAGOS** trademarks.

107.   As a direct and proximate result of Defendants' wrongful conduct, LAGOS has been injured in fact and has lost money and profits, and such harm will continue unless Defendants' acts are enjoined by the Court.

108.   Defendants' sale, advertisement and promotion of Defendants' Jewelry and related jewelry credit financing services under and/or in connection with the

Infringing Marks, constitutes unfair competition under Cal. Bus. & Prof. Code § 17200.

109.   Defendants' conduct constitutes unfair competition with LAGOS, all of which has caused and will continue to cause irreparable injury to LAGOS' goodwill and reputation unless enjoined by this Court. LAGOS has no adequate remedy at law.

110.   In light of the foregoing, LAGOS is entitled to an injunction under Cal. Bus. & Prof. Code §§ 17200 et seq. restraining Defendants from engaging in further such unlawful conduct, as well as restitution of those amounts unlawfully obtained by Defendants through its wrongful conduct.

## FIFTH CAUSE OF ACTION

### (Common Law Unfair Competition)

111.   Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

112.   Defendants' conduct complained of herein is likely to confuse the public as to the origin, source or sponsorship of Defendants' Jewelry and related jewelry credit financing services, or to cause mistake or to deceive the public into believing that Defendants' Jewelry and related jewelry credit financing services are authorized, sponsored, endorsed, licensed by, or affiliated with LAGOS, in violation of LAGOS' rights in the **LAGOS** trademarks under California common law.

113.   Upon information and belief, Defendants chose to provide, sell, advertise, and promote Defendants' Jewelry and related jewelry credit financing services under and/or in connection with the Infringing Marks with constructive and/or actual knowledge of LAGOS' prior use of and rights in the **LAGOS** trademarks. The unlawful, unfair, and/or fraudulent business acts and/or practices set forth herein have been undertaken by Defendants willfully with the intention of causing harm to Lagos and for the calculated purpose of misappropriating LAGOS'

goodwill and business reputation. By adopting and using the **LAGOS** trademarks, Defendants have been unjustly enriched and LAGOS has been damaged.

114.   By misappropriating and trading upon the goodwill and business reputation represented by the **LAGOS** trademarks, Defendants have been and, unless enjoined by this Court, will continue to be unjustly enriched at LAGOS' expense.

115.   Defendants' sale, advertisement, and promotion of Defendants' Jewelry and related jewelry credit financing services under and/or in connection with the Infringing Marks, constitutes unfair competition under California common law.

116.   Defendants' conduct constitutes unfair competition with LAGOS, all of which has caused and will continue to cause irreparable injury to LAGOS' goodwill and reputation unless enjoined by this Court. LAGOS has no adequate remedy at law.

117.   In light of the foregoing, LAGOS is entitled to injunctive relief, and to recover from Defendants all damages, including lost profits and attorneys' fees, that LAGOS has sustained and will sustain as a result thereof, in an amount not yet known, as well as the costs of this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment as follows:

1.     For an order and judgment that Defendants have infringed LAGOS' **LAGOS** trademarks in violation of LAGOS' rights under 15 U.S.C. § 1114, common law, and/or California law.

2.     For an order and judgment that Defendants have unfairly competed with LAGOS in violation of LAGOS' rights under 15 U.S.C. § 1125(a), common law, and/or California law.

3.     For an order and judgment that Defendants have acted in bad faith, willfully, intentionally, and/or with reckless disregard to LAGOS' rights;

4.     For an order permanently enjoining and restraining Defendants, their officers, agents, directors, shareholders, principals, licensees, distributors, attorneys, servants, employees, affiliates, subsidiaries and assigns, and all those persons in concert or participation with any of them from:

a.     Using the Infringing Marks or any other trademark that is confusingly similar to the **LAGOS** trademarks with the sale or advertisement of Defendants' Jewelry or related jewelry credit financing services;

b.     Conducting any activities in the United States that relate to, refer to or concern the advertising, promotion, distribution, displaying, sale or offering for sale of jewelry or any related goods and services, in any media or format, using the Infringing Marks, or any other trademark that is confusingly similar to the **LAGOS** trademarks;

c.     Using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act, which can, or is likely to, lead members of the trade or public to believe that any goods advertised, promoted, distributed, displayed, produced, sold or offered for sale by Defendants, or any services advertised, promoted, sold or offered for sale by Defendants, are in any manner associated or connected with Plaintiff, or are authorized, licensed, sponsored or otherwise approved by Plaintiff;

d.     Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of the **LAGOS** trademarks;

e.     Applying to register or registering in the United States Patent and Trademark Office or in any state trademark registry the

**LAGOS** trademarks or any other confusingly similar trademark, for jewelry or any goods or services related to the foregoing;

    f.    Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above;

5.    For an order directing Defendants to deliver up to Plaintiff's attorneys an accounting of all profits earned on Defendants' Jewelry;

6.    For an order directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any product or services advertised, promoted, distributed, displayed, produced, sold or offered for sale by Defendants is in any manner authorized by Plaintiff or related in any way to Plaintiff;

7.    For an order directing Defendants to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above;

8.    For an order awarding Plaintiff such damages it has sustained or will sustain by reason of Defendants' acts of trademark infringement and unfair competition pursuant to 15 U.S.C. § 1117;

9.    For an order awarding Plaintiff all gains, profits, property and advantages derived by Defendants from Defendants' unlawful conduct and that such profits be enhanced pursuant to 17 U.S.C. § 1117;

10.    For an order awarding Plaintiff exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate;

11.    For an order awarding Plaintiff its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

PLAINTIFF'S COMPLAINT

12.     For an order awarding Plaintiff restitution for Defendants' unfair business practices pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

13.     For an order awarding Plaintiff interest, including pre- and post-judgment interest, on the foregoing sums;

14. For an order, pursuant to 15 U.S.C. § 1119, directing the Commissioner of the USPTO to refuse registration of Defendants' U.S. Trademark Application Serial No. 90/538,947 for the mark **LIGOS JEWELRY** for "moissanite jewelry and watches and other fine jewelry;" and

15.     For an order awarding Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury in this action.


Dated: May 20, 2021                    **DUANE MORRIS LLP**


                                       By: /s/ *Jennifer M. Lantz*
                                       Jennifer M. Lantz
                                       Attorneys for LAGOS, Inc.