Nicholas D. Myers (State Bar No. 251809)
  *nicholas@themyerslg.com*
Michael M. Kowsari (State Bar No. 186899)
  *michael@themyerslg.com*
**THE MYERS LAW GROUP**
4695 MacArthur Court, Suite 200
Newport Beach, California 92660
T:  949.825.5590
F:  949.861.6220
E: *litigation@themyerslg.com*

Attorneys for Defendant Pandorea Development Co.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LAGOS, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>PANDOREA DEVELOPMENT CO.; LIGOS JEWELRY; AG JEWELERS; GET THAT JEWELRY,<br><br>            Defendants. | Case No. 5:21-CV-00879-JGB (SPx)<br><br>*The Hon. Jesus G. Bernal*<br><br>**DEFENDANT PANDOREA DEVELOPMENT CO.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Trial Date:        None Set |

Defendant PANDOREA DEVELOPMENT CO. ("Defendant") hereby answers the Complaint filed by Plaintiff LAGOS, INC. ("Plaintiff") as follows, addressing the allegations *in seriatim*:

1.  Defendant admits that Plaintiff seeks damages and injunctive relief for its alleged cause of actions.

2.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 2 and, on that basis, denies the allegations therein.

3.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 3 and, on that basis, denies the allegations therein.

4. Defendant admits that it has used the marks "Ligos" and "Ligos Jewelry" in connection with its goods or services, and that Plaintiff has sent aggressive correspondence in the past regarding the same, but denies the remainder of the allegations contained in paragraph 4.

5. Defendant admits it has filed an application to register the mark LIGOS JEWELRY with the United States Patent & Trademark Office, Serial No. 90538947.

6. Admit.

7. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 7 and, on that basis, denies the allegations therein.

8. Admit.

9. Denied.

10. Defendant admits the Pennsylvania Department of State lists an entity named "Lagos, Inc." as a corporation formed in 1985 with an address of 116 South Seventh Street, Philadelphia, PA 19106.

11. Defendant admits that it is a California corporation with a registered address of 41655 Reagan Way, Suite G, Murrieta, CA 92562.

12. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 12 and, on that basis, denies the allegations therein.

13. Denied.

14. Denied.

15. Admit.

16. Admit.

17. Defendant admits that the Court has personal jurisdiction over it, but denies the remaining allegations therein.

18. Admit.

///

19. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 19 and, on that basis, denies the allegations therein.

20. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 20 and, on that basis, denies the allegations therein.

21. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 21 and, on that basis, denies the allegations therein.

22. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 22 and, on that basis, denies the allegations therein.

23. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 23 and, on that basis, denies the allegations therein.

24. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 24 and, on that basis, denies the allegations therein.

25. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 25 and, on that basis, denies the allegations therein.

26. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 26 and, on that basis, denies the allegations therein.

27. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 27 and, on that basis, denies the allegations therein.

/ / /

28. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 28 and, on that basis, denies the allegations therein.

29. Defendant admits that the United States Patent & Trademark Office's records indicate that an entity named "Lagos, Inc." with an address at 441 North Fifth Street, Philadelphia, PA 19123 obtained on June 25, 1991, registration of the word mark LAGOS, Registration No. 1,648,793, for use on "*Jewelry, namely rings, pins, bracelets, earrings, neclaces and watches*" in International Class 14.

30. Defendant admits that the certificate for Registration No. 1,648,793 shows a first use in commerce date of July 1980.

31. Admit.

32. Denied. Plaintiff has failed to file a section 15 declaration with the United States Patent & Trademark Office to obtain a finding of incontestability.

33. Denied.

34. Defendant admits that the United States Patent & Trademark Office records show that an entity named "Lagos, Inc." with an address at 441 North Fifth Street, Philadelphia, PA 19123 obtained on November 13, 2018, registration of the word mark MY LAGOS MY WAY, Registration No. 5,606,242, for use on "*Jewelry, namely, rings, pins, bracelets, earrings, necklaces and watches*" in International Class 14.

35. Admit.

36. Defendant admits that the certificate to Registration No. 5,606,242 shows a first use in commerce date of September, 2014.

37. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 37 and, on that basis, denies the allegations therein.

/ / /

/ / /

38. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 38 and, on that basis, denies the allegations therein.

39. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 39 and, on that basis, denies the allegations therein.

40. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 40 and, on that basis, denies the allegations therein.

41. Defendant admits that Ligos Jewelry is affiliated with it, that it owns the domain www.ligosjewelry.com, and that it has filed the application for the word mark LIGOS JEWELRY, Serial No. 90538947.

42. Denied.

43. Defendant admits that Get That Jewelry is affiliated with it.

44. Defendant admits that Get That Jewelry operates the domain www.getthatjewelry.com. The attached exhibit speaks for itself and no further response is required.

45. Defendant admits that Ligos Jewelry is affiliated with it and that it sells jewelry.

46. Defendant admits that it operates the domain www.ligosjewelry.com where jewelry is sold. The attached exhibit speaks for itself and no further response is required.

47. Denied.

48. The exhibit speaks for itself and no further response is required.

49. Denied.

50. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 50 and, on that basis, denies the allegations therein.

51. The attached exhibit speaks for itself and no further response is required.

52. The attached exhibit speaks for itself and no further response is required.

53. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 53 and, on that basis, denies the allegations therein. The screenshot speaks for itself and no further response is required.

54. Denied.

55. Defendant admits that it began offering and selling jewelry using its LIGOS JEWELRY mark in December, 2020. The exhibit speaks for itself and no further response is required.

56. Defendant admits that it began operating the domain www.ligosjewelry.com in December, 2020. The exhibit speaks for itself and no further response is required.

57. Defendant admits it is operating the Ligos domain in connection with the sale of jewelry. The exhibit speaks for itself and no further response is required.

58. Defendant admits that it advertises and promotes its goods on social media accounts. The exhibit speaks for itself and no further response is required.

59. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 59 and, on that basis, denies the allegations therein.

60. Defendant admits Plaintiff sent a cease and desist letter dated February 10, 2021.  The exhibit speaks for itself and no further response is required.

61. Admit.

62. Defendant admits Plaintiff sent a cease and desist letter dated March 4, 2021.  The exhibit speaks for itself and no further response is required.

63. Admit.

/ / /

/ / /

64. Defendant admits that on February 22, 2021, it filed an application to register the word mark LIGOS JEWELRY with the United States Patent & Trademark Office, Serial No. 90538947.

65. Defendant admits that it submitted a specimen in connection with its trademark application, Serial No. 90538947, that was described as a "Website Screen shot and Jewelry package."

66. Defendant admits Plaintiff filed a Letter of Protest to its trademark application, Serial No. 90538947.  The exhibit speaks for itself and no further response is required.

67. Defendant admits Plaintiff sent an e-mail on March 23, 2021. The exhibit speaks for itself and no further response is required.

68. Admit.

69. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 69 and, on that basis, denies the allegations therein. The exhibit speaks for itself and no further response is required.

70. Denied.

71. Defendant has no information or knowledge on the length of Plaintiff's use of its mark or the continuity of such usage and, on that basis, denies the allegations therein.

72. Defendant has no information or knowledge on the length of Plaintiff's use of its mark or the continuity of such usage and, on that basis, denies the allegations therein.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. No response is required as no new allegations are presented in this paragraph that have not been previously answered by Defendant.

84. Defendant admits that Plaintiff is the owner of the two trademarks alleged in the Complaint. Defendant has no information or knowledge on the length of Plaintiff's use of its marks or the continuity of such usage and, on that basis, denies the remaining allegations therein.

85. Defendant admits to using the LIGOS JEWELRY mark to offer to sell and to sell jewelry.

86. Denied.

87. Defendant admits that it did not obtain Plaintiff's permission or authorization before using the LIGOS JEWELRY mark to offer to sell and sell jewelry. Defendant denies the remaining allegations therein.

88. Defendant denies that it has infringed any mark owned by Plaintiff.

89. Denied.

90. Denied.

91. Denied.

92. No response is required as no new allegations are presented in this paragraph that have not been previously answered by Defendant.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. No response is required as no new allegations are presented in this paragraph that have not been previously answered by Defendant.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. No response is required as no new allegations are presented in this paragraph that have not been previously answered by Defendant.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. No response is required as no new allegations are presented in this paragraph that have not been previously answered by Defendant.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

Defendant denies that Plaintiff is entitled to any of the relief prayed for in items 1 through 15 of its Prayer for Relief against Defendant. Plaintiff should take nothing by its complaint against Defendant.

/ / /

/ / /

/ / /

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state facts sufficient to state any cause of action for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant's conduct was in good faith and with non-willful intent, at all times.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims to injunctive relief are barred because (1) it is not likely to prevail on the merits; (2) Plaintiff has not suffered and will not suffer irreparable harm because of any conduct by the answering Defendant; and (3) Plaintiff has an adequate remedy at law for its alleged injury.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's alleged acts or omissions were not the proximate cause of injury or damage to Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

The actions taken by Defendant was in full compliance with the law.

## SEVENTH AFFIRMATIVE DEFENSE

The actions taken by Defendant was justified or privileged as it acted only to protect its legitimate interests in its trademarks, in furtherance of its right to petition and free speech, and in anticipation of litigation.

/ / /

/ / /

/ / /

/ / /

/ / /

## EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses in the event discovery reveals or indicates that such defense would be appropriate.

Date: June 25, 2021                     Respectfully submitted,

**THE MYERS LAW GROUP**

/s/Michael M. Kowsari
Nicholas D. Myers
Michael M. Kowsari
Attorneys for Defendant PANDOREA DEVELOPMENT CO.

THE MYERS LAW GROUP
4695 MACARTHUR COURT, SUITE 200
NEWPORT BEACH, CALIFORNIA 92660
Tel 949.825.5590 • Fax 949.861.6220 • E-mail: litigation@themyerslg.com

11
DEFENDANT PANDOREA DEVELOPMENT CO.'S ANSWER

# DECLARATION OF ELECTRONIC SERVICE

**Central District of California Case No. 5:21-CV-00879-JGB (SPx)**

Service of the attached document was accomplished pursuant to Central District of California, Order Authorizing Electronic Filing, General Order No. 08-03 and Local Rule 5.3-3, which provide in part: "Upon the electronic filing of a document, a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the Federal Rules of Civil and Criminal Procedure for all attorneys who have consented to electronic service."

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 25, 2021, at Irvine, California.

By: /s/ Nicholas D. Myers
Nicholas D. Myers